1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS T. WILLIAMSON, | CASE NO.    1:11-cv-00155-GBC (PC) |
| Plaintiff, | |
| v. | COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| JAMES A YATES, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN |
| _____/ | THIRTY DAYS |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Francis T. Wiliamson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 28, 2011 and consented to Magistrate Judge jurisdiction on February 9, 2011.  (ECF Nos. 1 & 5.)  No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

1

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.   SUMMARY OF COMPLAINT

Plaintiff alleges violations of his rights to due process and equal protection.  Plaintiff names the following individuals as Defendants: James Yates, R. Fisher, Jr., D. Foreman, F. Douthat, L. Harton, G. Noel, and J. Morgan.

2

Plaintiff alleges the following: Defendant Foreman, Douthat, Harton, Noel, and Morgan deal with inmate appeals in the Appeals Coordinator's Office at Pleasant Valley State Prison ("PVSP").  Plaintiff submitted numerous CDCR GA-22 forms and inmate appeals addressing the issue of a Recall of Commitment Recommendation Consideration pursuant to § 3076, Title 15 of the California Code of Regulations.  Plaintiff received no response to any of his requests.  A Recall of Commitment Recommendation Consideration is a process by which the Director of California Department of Corrections and Rehabilitation may recommend at any time to the sentencing court the recall of an inmate's commitment.  Id.  This can happen for a variety of reasons including when information which was not made available to the court in pronouncing the inmates sentence is brought to the attention of the Director who thinks that the information would have influenced the sentence imposed by the court. Cal. Code Regs. tit. 15, § 3076(a)(2).

Plaintiff seeks actual damages, reimbursement for all costs and expenses of litigation, and injunctive relief prohibiting Defendants from further violating Plaintiff's constitutional rights.

**IV.    ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

1997) (internal quotations omitted).

**A.    Due Process**

Plaintiff states that his right to due process is being violated by Defendants. However, he does not specify in what way.  The Court assumes Plaintiff means that he is not receiving due process with regard to the inmate appeal process.

Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action.  Buckley, 997 F.2d at 495.

Because Plaintiff has neither a liberty interest nor a substantive right in inmate appeals, Plaintiff fails to state a claim in this regard.  Because amendment of this claim would be futile, the Court advises Plaintiff that he would be well-served devoting his energy to pursuing his other claims.

///

4

### B.    Equal Protection

Plaintiff states that his right to equal protection is being violated by Defendants.

Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." Tigner v. Texas, 310 U.S. 141, 147 (1940). Equal protection claims alleging disparate treatment or classifications are subject to a heightened standard of scrutiny when they involve a "suspect" or "quasi-suspect" class, such as race or national origin, or when they involve a burden on the exercise of fundamental personal rights protected by the Constitution. See, e.g., City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 440 (1985). The heightened standard of strict scrutiny requires the State to show that the classification is narrowly tailored to serve a compelling government interest. Grutter v. Bollinger, 539 U.S. 306, 326 (2003).

An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he was being intentionally

5

discriminated against on the basis of his membership in a protected class, or that he was being intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.   In fact, Plaintiff states nothing else in furtherance of this argument.  Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.  Plaintiff is granted leave to amend this claim but such amendment is pointless unless he can allege facts showing that he was being <u>intentionally</u> discriminated against based on his race, alienage, or other protected class, or that he was similarly situated to individuals that were <u>intentionally</u> treated different than he was, with no rational basis for such disparate treatment.

### C.   <u>Recall Commitment</u>

The Court cannot determine what constitutional violation Plaintiff is claiming in relation to his argument about Defendants' failure to respond to his recall of commitment requests.  The recall of commitment regulation (Cal. Code Regs. tit. 15, § 3076) relied upon by Plaintiff as the basis for his claim provides no private cause of action for a prisoner who has not actually been recommended for recall of his commitment.  <u>Larson v. Runnels</u>, 2007 WL 4557103, *2 (E.D. Cal. Dec. 21, 2007).

### D.   <u>Prison Policy</u>

It appears that Plaintiff is alleging that Defendants violated prison policy or regulations through their actions or inactions.  An allegation that a defendant violated a prison policy is not sufficient to state a constitutional claim.  <u>See</u> <u>Gardner v. Howard</u>, 109 F.3d 427, 430 (8th Cir. 1997) (no Section 1983 liability for violation of prison policy)) .  "In order to set forth a claim under 42 U.S.C. § 1983, an inmate must show a violation of his

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

constitutional rights, not merely a violation of prison policy." <u>Moore v. Schuetzle</u>, 486 F.Supp.2d 969, 989 (D.N.D. 2007).   Accordingly, Plaintiff's allegation that Defendants violated Section 1983 by failing to comply with a prison regulation fails to state a claim upon which relief could be granted.

**E.    <u>Habeas</u>**

It appears that Plaintiff may be contending that he is being held illegally be Defendants.

The Court would like Plaintiff to keep in mind that when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-500 (1973); <u>Young v. Kenny</u>, 907 F.2d 874, 875-76 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).   If Plaintiff is indeed complaining about the legality or duration of his custody, Plaintiff's civil rights complaint will be dismissed entirely. In his Amended Complaint, Plaintiff should describe his allegations and claims regarding his allegedly unlawful detention in more detail to allow the Court to determine whether his allegations should be filed as a civil rights action or a petition for writ of habeas corpus.

**F.    <u>Personal Participation and Supervisory Liability</u>**

Plaintiff appears to be arguing that Defendant Yates is liable for the conduct of his subordinates as he was not present and did not participate in the complained of conduct as currently described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930,

934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  Id. at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct.  Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004).  In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892.  The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights.  Wesley, 333 F.Supp.2d at 892 (internal quotations omitted).  However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.  Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability.  Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002).  Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury.

8

1
2
3
4
5

Id.  "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

6
7
8
9
10
11

Plaintiff does not mention the Defendant Yates in his statement of the case.  Thus, Plaintiff has not alleged facts demonstrating that the supervisory Defendant personally acted to violate his rights.  In his amended complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights.  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

12

## V.    CONCLUSION AND ORDER

13
14
15
16
17
18
19
20
21
22

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

23
24
25
26
27

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants, other than as requested by the Court.  Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-00155-GBC (PC); and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    July 28, 2011

UNITED STATES MAGISTRATE JUDGE

10